FILED
United States Court of Appeals
Tenth Circuit

October 7, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENET CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EUSEBIO LOPEZ-ESTRADA,

Defendant - Appellant.

No. 10-3327
(D.C. No. 5:10-CR-40013-SAC-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **HOLLOWAY**, and **McKAY**, Circuit Judges.

This case began when Kansas Highway Patrol Trooper Josiah Trinkle saw a pickup truck driving on Interstate 70 with a license plate hanging down on one side. The trooper suspected a violation of K.S.A. § 8-133, which requires that a vehicle's license plate "shall at all times be securely fastened to the vehicle to which it is assigned so as to prevent the plate from swinging." Here's what the trooper saw:

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.



As he followed the truck, the trooper came to think he saw another problem — that one of the truck's brake lights wasn't working, also in violation of Kansas law. Eventually, the trooper pulled the truck over and issued a warning to the truck's driver, Eusebio Lopez-Estrada. The trooper then asked if he could search the truck. Mr. Lopez-Estrada consented, the trooper found methamphetamine inside a toolbox, and Mr. Lopez-Estrada was charged with possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

Once before the district court, Mr. Lopez-Estrada filed a motion to suppress the methamphetamine, arguing that Trooper Trinkle did not have reasonable suspicion to pull him over because his license plate was securely fastened and

because his brake lights were working at the time of the stop. The district court denied Mr. Lopez-Estrada's motion to suppress, finding that Trooper Trinkle had reasonable suspicion to think that there had been an infraction of both the Kansas license plate and brake light laws.

Mr. Lopez-Estrada now appeals, and we affirm because the trooper had, as a matter of law, reasonable suspicion to think he had witnessed a violation of K.S.A. § 8-133. Mr. Lopez-Estrada contends otherwise, arguing that Trooper Trinkle lacked reasonable suspicion because the trooper did not see the license plate actually "swinging." The Fourth Amendment's reasonable suspicion standard, however, does not require so much. A law enforcement officer need not witness an ongoing violation of law to effect a traffic stop; he need only have a reasonable basis for thinking an infraction is taking or has taken place. *See, e.g., United States v. Tibbetts*, 396 F.3d 1132, 1136-37 (10th Cir. 2005). And it was certainly reasonable for the trooper to think that a jury-rigged job of affixing a license plate might leave it poorly fastened and cause it to swing in violation of Kansas law.

Given that the trooper had reasonable suspicion to believe Mr. Lopez-Estrada had violated K.S.A. § 8-133, the traffic stop was lawful and we don't need to decide whether the trooper also and independently had reasonable suspicion to believe Mr. Lopez-Estrada's brake lights weren't working. The subsidiary question raised by Mr. Lopez-Estrada — whether the district court

abused its discretion in refusing to permit Mr. Lopez-Estrada to subpoena a witness to testify about the condition of the truck's brake lights — is likewise mooted by our disposition. *Affirmed.*

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge